# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Consolidated Case |
| v. | ) | No. 4:04-CV-871 CAS |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Associated Case |
| v. | ) | No. 4:04-CV-1046 CAS |
| | ) | |
| LEVEL 3 COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the City of St. Louis, Missouri's (the "City") motion for reconsideration and to enter summary judgment in favor of the City. Level 3 Communications, LLC ("Level 3") opposes the motion. For the following reasons, the Court will grant the City's motion for reconsideration and will enter judgment in favor of the City.

**Background**.

This case concerns a dispute between the City and Level 3 over the terms, obligations, restrictions and fees set forth in a license agreement the City required Level 3 to execute before giving Level 3 access to streets and rights-of-way to install or maintain telecommunications facilities. The Court issued rulings on the parties' cross-motions for summary judgment on December 19, 2005,

granting in part and denying in part both parties' motions.  Level 3 Commc'ns, LLC v. City of St. Louis, Mo., 405 F.Supp.2d 1047 (E.D. Mo. 2005).  To the extent relevant here, the Court granted Level 3's motion for summary judgment on its claims that the fee provisions of the license agreement and Chapter 23.64 of the City of St. Louis Revised Code violated § 253(a) of the Federal Telecommunications Act of 1996, 47 U.S.C. § 253(a).  Correspondingly, the Court denied the City's motion for summary judgment on its claim for declaratory judgment that the license agreement and Chapter 23.64 did not prohibit or have the effect of prohibiting Level 3's ability to provide telecommunications services in the City under § 253(a).

On appeal, the Eighth Circuit Court of Appeals reversed the grant of summary judgment to Level 3 under 47 U.S.C. § 253(a).  Level 3 Commc'ns, L.L.C. v. City of St. Louis, Mo., 477 F.3d 528, 530 (8th Cir. 2007).  The Eighth Circuit held that "a plaintiff suing a municipality under section 253(a) must show actual or effective prohibition [of its ability to provide any interstate or intrastate telecommunications service], rather than the mere possibility of prohibition." Id. at 532.  The Eighth Circuit concluded that Level 3 had failed to meet its burden of proof under § 253(a), id. at 533-34, and remanded the case "for further proceedings not inconsistent" with its opinion. Id. at 535.

Shortly after the Eighth Circuit's mandate was filed in this case, Level 3 filed a motion to reopen discovery and set a scheduling order.  The Court granted this motion without giving the City an opportunity to respond.  See Order of May 18, 2007 [Doc. 91].  The Court directed the parties to submit a joint written statement with respect to discovery and other issues remaining in the case. Id.  On May 24, 2007, the City filed its motion for reconsideration of the Order of May 18, 2007, and for the entry of summary judgment in its favor on Level 3's § 253(a) claims.

**Discussion**.

**A. Motion to Reconsider**

    1. <u>The Parties' Positions</u>

The City urges the Court to reconsider its order directing the parties to establish a proposed discovery schedule. The City states that Level 3 had a full opportunity under the Case Management Orders issued in this matter to conduct discovery and develop its case with respect to all issues, including the core issue of whether the City's ordinance materially inhibits Level 3's ability to provide telecommunications services in the City. The City asserts that the mere fact Level 3 has been unable to establish it was materially inhibited from providing services in St. Louis does not mean it should have another opportunity to develop its case on remand. The City contends that to allow discovery at this juncture would be inefficient, unfair and would render meaningless the court-imposed discovery deadlines.

The City asserts that cases are not ordinarily remanded from appellate courts for the purpose of giving a party the opportunity to supply additional evidence to correct a deficiency in the evidence, citing <u>Moses Lake Homes, Inc. v. Grant County</u>, 276 F.2d 836, 853 (9th Cir. 1960), <u>rev'd on other grounds</u>, 356 U.S. 744 (1961), and <u>Rochez Bros., Inc. v. Rhoades</u>, 527 F.2d 891, 894-95 (3d Cir. 1975). The City states that Level 3 made a tactical decision in its motion for summary judgment to focus its § 253(a) argument as a question to be decided purely as a matter of law, although the parties had over eight months of discovery to explore the issue and the existing record adequately addresses the question.

Specifically, the City states that Level 3 alleged in its complaint that the challenged City Ordinance and license agreement prohibited or had the effect of prohibiting Level 3 from providing

3

service in the City of St. Louis, Amended Complaint ¶¶ 50-51, 53-54, and the City directed interrogatories and requests for admission to Level 3 on the issue of whether there was any impact on Level 3's ability to provide service. The City thus contends that both parties were aware a key issue in the case was whether Level 3 was actually or effectively being prohibited from providing telecommunications services in St. Louis. The City asserts that while it focused its discovery on this issue, Level 3 chose not to, and should not be permitted to revisit it now. The City states that allowing additional discovery would only unnecessarily prolong this litigation, citing E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 711 F. Supp. 1205, 1212 n.24 (D. Del. 1989) ("While Phillips naturally would like to bolster its position now with its hindsight benefited by this Court's earlier opinion and that of the Federal Circuit, free permission of this practice would result in endless litigation.").

Level 3 responds that further proceedings and supplemental discovery would be entirely consistent with the Eighth Circuit's opinion. Level 3 asserts that it "prosecuted its case according to a standard that was universally recognized to establish that the City prohibited [it] from providing telecommunications services under § 253," but "the Eighth Circuit set forth a new interpretation of the statute" in its opinion. Opp. at 2. Level 3 states that based on its "past misunderstanding" of the Eighth Circuit's treatment of § 253 claims, and because it has acquired new evidence in the nearly two years since discovery closed, the Court should provide it with an opportunity to supplement its discovery responses in order to meet the "new, heightened standard" to establish § 253(a) liability. Opp. at 2, 3.

Level 3 argues that the cases cited by the City actually support Level 3's position, because these cases acknowledge that discovery may be reopened where the prior litigation and the court's

decision have been based on a misunderstanding.  Level 3 states that in <u>Moses Lake Homes</u>, for example, the Ninth Circuit decided that on remand the parties should be able to supplement the record because "the deficiency result[ed] from a misunderstanding, apparently shared by the trial court, as to the meaning of [the statute]."  276 F.3d at 853.  Level 3 states that in <u>Rochez Bros</u>, the Third Circuit stated, "An appellate court may remand to permit more evidence to be introduced when the deficiency of proof results from a misunderstanding among the parties and the trial court."  527 F.2d at 894-95.  Level 3 contends that it should be entitled to a reasonable opportunity to supplement the record on remand because it and this Court "misunderstood that the Eighth Circuit would apply a new standard to find liability under § 253."  Opp. at 6.

Finally, Level 3 contends that the City's request for the entry of summary judgment is procedurally and substantively inappropriate because the Eighth Circuit neither reversed nor addressed this Court's denial of the City's motion for summary judgment.  Level 3 asserts that the City's motion for summary judgment is premature because no motions are currently pending, as the City has yet to file a new motion for summary judgment or renew its prior one.

2. <u>Analysis</u>

The Eighth Circuit did not remand this case with directions that the Court take additional evidence concerning Level 3's § 253(a) claims.  Rather, the Eighth Circuit remanded "for further proceedings not inconsistent" with its opinion.  <u>Level 3</u>, 477 F.3d at 535.  As a result, this Court has the discretion to determine whether Level 3's motion to reopen discovery should be granted.  <u>See</u> <u>Walling v. Jacksonville Paper Co.</u>, 317 U.S. 564, 572 (1943) (where the district court improperly interpreted and applied the controlling law in the case but did not restrict the introduction of evidence relevant to that point of law, whether additional evidence must be taken on remand is a question for

the district court); <u>Rochez Bros.</u>, 527 F.2d at 894 (where appellate court did not instruct the district court to take further evidence, the question of opening the record for additional evidence was left to the discretion of the trial court); <u>cf.</u> <u>Hawkeye Commodity Promotions, Inc. v. Vilsack</u>, 486 F.3d 430, 443 (8th Cir. 2007) (motion to reopen the evidence to submit additional proof rests in the trial court's discretion) (quoting <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 331 (1971)).

It is well established that a party who fails to introduce at trial all evidence necessary to obtain judgment has generally made a fatal error. <u>See, e. g.</u>, <u>Castaneda v. Partida</u>, 430 U.S. 482, 497-500 (1977); <u>Dothard v. Rawlinson</u>, 433 U.S. 321, 331 (1977); <u>Gathright v. St. Louis Teacher's Credit Union</u>, 97 F.3d 266, 268 (8th Cir. 1996); <u>Natural Resources Defense Council, Inc. v. Texaco Refining & Mktg., Inc.</u>, 2 F.3d 493, 504 (3d Cir. 1993); <u>Youngstown Sheet & Tube Co. v. Lucey Prods. Co.</u>, 403 F.2d 135, 139 (5th Cir. 1968). This rule applies equally here, where the case was decided on the parties' cross-motions for summary judgment, and the parties had fully developed the facts and issues and were expecting the Court's ruling on the motions to resolve the case. Cases are not ordinarily remanded to give a party the opportunity to supply missing evidence. <u>Rochez Bros.</u>, 527 F.2d at 894; <u>Moses Lake Homes</u>, 276 F.2d at 853. The Court in the exercise of its discretion finds that Level 3 has failed to establish that an exception to the general rule applies here.

The Court disagrees with Level 3's contention that the Eighth Circuit established a new standard of interpretation of § 253(a), replacing a "standard that was universally recognized." The Eighth Circuit spoke for the first time on an issue that has divided other courts, but it did not create a new standard. The standard adopted by the Eighth Circuit, requiring evidence of an actual or effective prohibition under § 253(a), is the standard promulgated by the Federal Communications Commission in <u>In re California Payphone Ass'n</u>, 12 F.C.C.R. 14,191, 14,206 ¶31 (1997). This

standard has been adopted by other courts. <u>See</u> <u>TCG New York, Inc. v. City of White Plains</u>, 305 F.3d 67, 76 (2d Cir. 2002) (adopting FCC test and preempting ordinance after finding that TCG was kept out of market for more than 18 months during franchise negotiations); <u>Tel Comm Techs. v. City of New Haven, Ct.</u>, 2006 WL 2349544, *8 (D. Conn. 2006) (evidence did not show that ordinances "materially inhibited" plaintiff's ability to provide service).

Level 3's suggestion that it was completely caught off guard by the standard adopted by the Eighth Circuit is not supported by the record. The record shows that during discovery, the City requested that Level 3 provide evidence that it had actually been or effectively prohibited from providing services, and Level 3 did attempt to show evidence of an actual or effective prohibition to this Court and the Eighth Circuit. <u>See</u> City's Mot. to Reconsider at 4-6. Finally, the standard adopted by the Eighth Circuit was argued by the City in its motion for summary judgment, along with citation to relevant authority. <u>See</u> City's Mot. Summ. J. at 8, 9 [Doc. 53]

The cases on which Level 3 relies are distinguishable. Unlike the instant case, the courts of appeal in <u>Rochez Bros.</u> and <u>Moses Lake Homes</u> remanded with directions for the district courts to take additional evidence. In <u>Rochez Bros.</u>, the plaintiff failed to introduce adequate evidence to permit an accurate determination of damages for certain restricted stock. The Third Circuit noted the rule that failure to introduce into evidence all the proof necessary to sustain a judgment is generally fatal, but concluded that a remand for additional evidence was necessary to "insure substantial justice" because injury had been shown and liability conclusively established but there was no basis in the record for "an intelligent estimate" of damages. 527 F.2d at 894-95. In contrast, in the instant case Level 3 has not established injury or liability, and therefore substantial justice does not require that the case be reopened.

In <u>Marsh Lake Homes</u>, the Ninth Circuit had to determine whether a county could enforce its claim for personal property taxes against deposits of estimated compensation due to leaseholders of the United States based on condemnation of their leasehold interests.  276 F.2d  836.  The Ninth Circuit determined that the tax claim should have been allowed with respect to tax years 1955 through 1957 and denied as to tax year 1959, but found the record could not support the trial court's disallowance of the claim as to tax year 1958.  <u>Id.</u> at 853.  The court stated the general rule that a case is not remanded to give a party the opportunity to correct a deficiency in its evidence, but concluded an exception should apply because the deficiency stemmed from a misunderstanding of the relevant statute by the trial court and the parties, and from the plaintiff's forced reliance on a defective designation by the Secretary of the Air Force, a key piece of evidence for which plaintiff was not responsible.  <u>Id.</u>

This case is distinguishable from <u>Marsh Lake Homes</u> because here there was no mutual misunderstanding of the Court and parties.  Rather, the parties argued two different controlling standards under § 253(a), this Court adopted Level 3's position, and the Eighth Circuit reversed, concluding that the position advocated by the City was correct.  In this case, all of the relevant evidence with respect to whether Level 3 was actually or effectively prohibited from providing telecommunications services was within its control, and was presented to this Court and the Eighth Circuit.  Level 3 has not described any additional evidence that it could have produced during discovery that has now been made relevant by the Eighth Circuit's decision.  The only "new evidence" that Level 3 describes is evidence that it states arose after the close of discovery in this case, relating to new companies it has purchased and new enhanced services it is attempting to offer.  Opp. at 6.

Under these circumstances, the Court finds that Level 3 is essentially trying to start a new lawsuit within the framework of this case. Level 3 had the opportunity to present its case on the record as it exists. To reopen the case and permit additional discovery under these circumstances would be inefficient and render meaningless the discovery deadlines previously imposed. For these reasons, the Court finds that discovery in this case should not be reopened. The Court will therefore grant the City's motion to reconsider the order granting Level 3's motion to reopen discovery, and will vacate the same.

**B. Motion for Entry of Summary Judgment**

The City moves for the entry of summary judgment in its favor based on its motion for summary judgment filed on August 5, 2005, the briefs supporting and opposing that motion, and the record in this case. Mot. for Reconsideration and the Entry of Summ. J. at 1-2. The City seeks a declaration that the license agreement and Chapter 23.64 do not "prohibit or have the effect of prohibiting" Level 3's ability to provide telecommunications service in the City under § 253(a). The City asserts that its request is not premature, as argued by Level 3, because the parties had filed cross-motions for summary judgment on the § 253(a) issue. The Court granted Level 3's motion on the issue and denied the City's. Because the Eighth Circuit reversed the grant of summary judgment in favor of Level 3, on the same record, the City contends that the only course of action left is for the Court to enter judgment in its favor, because "if Level 3 loses on its claim that there is a violation of Section 253(a), then the City must prevail on its claim that there is no violation as a matter of law." Reply at 8.

The Court agrees with the City. Level 3 and the City filed cross-motions for the Court to rule on the § 253(a) claims on a summary judgment basis, and had a full and fair opportunity to develop

the record to support their claims. The Eighth Circuit ruled that this Court's entry of summary judgment in favor of Level 3 was improper, as Level 3 did not meet its burden to establish that Chapter 23.64 or the license agreement actually or effectively prohibited or materially inhibited its ability to provide telecommunications services, and thus did not show a § 253(a) violation as a matter of law. It necessarily follows that the City was and is entitled to a grant of summary judgment on its claim for a declaration that, on the existing record, neither Chapter 23.64 nor the license agreement prohibits or effectively prohibits Level 3's ability to provide telecommunications services under § 253(a). The City's motion for entry of summary judgment in its favor, which renews the City's prior motion for summary judgment, should therefore be granted.

**Conclusion**.

For the foregoing reasons, the Court will grant the City's motion to reconsider the prior Order of May 19, 2007, will vacate that Order, and will grant the City's motion to enter summary judgment in its favor for a declaration that, on the existing record, neither Chapter 23.64 nor the license agreement prohibits or effectively prohibits Level 3's ability to provide telecommunications services under § 253(a).

Accordingly,

**IT IS HEREBY ORDERED** that the City of St. Louis, Missouri's motion for reconsideration is **GRANTED**. [Doc. 92]

**IT IS FURTHER ORDERED** that upon reconsideration, Level 3 Communications, LLC's motion to reopen discovery and set scheduling order is **DENIED**. [Doc. 90]

**IT IS FURTHER ORDERED** that the Court's Order of May 19, 2007, reopening discovery in this case, is **VACATED**. [Doc. 91]

**IT IS FURTHER ORDERED** that the City of St. Louis, Missouri's motion for summary judgment is **GRANTED** with respect to its claim for declaratory judgment that, on the existing record, neither the license agreement between the parties nor St. Louis City Revised Code Chapter 23.64 prohibits or effectively prohibits Level 3's ability to provide telecommunications services under 47 U.S.C. § 253(a). [Doc. 53]

An appropriate judgment will accompany this memorandum and order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  _25th_  day of September, 2007.